IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William Emahiser, etc., | Case No. 3:14 CV 267 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| -vs- | |
| Complete Coverage Insurance, LLP, | JUDGE JACK ZOUHARY |
| Defendant. | |

### INTRODUCTION

A criminally negligent dump truck driver caused an auto accident in which a woman was killed and her son injured. As claims were pursued, it soon became apparent that the driver's employer, the dump truck company, maintained inadequate commercial carrier insurance coverage under federal and state regulations. This Court must now decide whether the estate of the deceased woman may sue the insurance agency which procured the company's insurance coverage.

Defendant Complete Coverage filed a Motion to Dismiss (Doc. 27) serving up several different theories. Plaintiff opposes (Doc. 33), and this Court heard oral argument on the pending Motion (Doc. 39). For the reasons that follow, Defendant's Motion is granted.

### FACTUAL BACKGROUND

In August 2011, a dump truck driver ran a stop sign in Wood County, Ohio and struck a car operated by Lisa Emahiser (Doc. 18, Am. Compl. ¶ 7). Lisa died as a result of the accident, and her son, a passenger in the vehicle, was injured (*id.* at p. 1).

Rickey Paving owned the dump truck and employed its driver, Parrish Quarterman. At the time of the accident, Rickey Paving was insured by Progressive Insurance through United Financial

Casualty Company with a policy that capped coverage at $50,000 per person and $100,000 per accident (Doc. 33-5, Policy No. 06458773-3) (the "Policy"). Defendant served as the insurance agent, procuring insurance from United Financial on behalf of Rickey Paving (Am. Compl. ¶ 11).

Under applicable federal and Ohio law, Rickey Paving, as an interstate commercial operator, was required to maintain a minimum of $750,000 coverage (Am. Compl. ¶¶ 13, 25). Plaintiff alleges Defendant knew or should have known Rickey Paving was an interstate commercial carrier and therefore obligated to obtain a minimum of $750,000 coverage. The Policy lists "Rickey's Paving" as having an Ohio address, although the truck involved in the accident is listed as having an Arkansas ZIP code; Rickey Paving has a USDOT number and was registered as an interstate motor carrier in Indiana with the Federal Motor Carrier Safety Administration; and the Policy also covered a trailer used for hauling goods (Am. Compl. ¶ 24).

Plaintiff alleges that in providing Rickey Paving with insurance, Defendant "undertook to perform a duty owed by Rickey Paving to the driving public, including the Emahisers" (Am. Compl. ¶ 17). Plaintiff further alleges Defendant "had a duty to advise its customer Rickey Paving regarding the insurance coverage because Rickey Paving could, should or did rely on [Defendant's] expertise" (Am. Compl. ¶ 20).

**PROCEDURAL BACKGROUND**

The estate of Lisa Emahiser filed a negligence action in the Wood County Court of Common Pleas against Quarterman and Rickey Paving. Before the case went to trial, Plaintiff entered into a $750,000 consent judgment with Quarterman and Richard Rickey, d/b/a Rickey Paving. The parties to the consent judgment stipulated that "[t]he amount of damages suffered by the Plaintiffs exceeds $750,000 and, therefore, exceeds the limit of liability . . . set forth in [the Policy]" (Doc. 39).

Plaintiff then filed suit in this Court claiming Defendant was negligent under Ohio law by not ensuring Rickey Paving procured sufficient insurance. Defendant moves to dismiss under Federal Civil Rule 12 under three different theories: (1) Plaintiff, as a third party to the agency relationship between Rickey Paving and Defendant, lacks standing to bring a negligent procurement claim under Ohio law; (2) Plaintiff's claim is barred by the applicable statute of limitations; and (3) this Court lacks personal jurisdiction over Defendant. Any one of these theories provides an independent basis for dismissal. This Court addresses only Defendant's standing argument.

## STANDARD OF REVIEW

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Federal Civil Rule 12(b)(6). At this stage, this Court must accept all well-pleaded factual allegations as true and construe the Complaint in the light most favorable to Plaintiff. *See Dubay v. Wells*, 506 F.3d 422, 426 (6th Cir. 2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[a] claim has facial plausibility when [Plaintiff] pleads factual content that allows the court to draw the reasonable inference that [Defendant] is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Ohio law recognizes a tort claim against insurance agents for negligent procurement. An agent will be held liable if, "as a result of his or her negligent failure to perform that obligation to procure insurance, the other party to the insurance contract suffers a loss because of a want of insurance coverage contemplated by the agent's undertaking." *Robson v. Quentin E. Cadd Agency*, 179 Ohio

App. 3d 298, 305 (2008) (internal quotation marks and alterations omitted). "If an insurance agent's negligence results in coverage less than that desired by an insured, the agent will be liable for the amount the insured would have received had the correct coverage been in place." *Id.*

At this juncture, it bears noting that the case before this Court is not about the relationship between Rickey Paving and Defendant or what Richard Rickey told the Defendant's agent when soliciting insurance. And Rickey Paving has not assigned its rights to a potential negligence claim to Plaintiff.

Who has standing to bring a negligent procurement claim in Ohio poses a relatively novel question. Clearly the insured does. But does the third party public, the intended beneficiary of higher policy limits required by law? Whether a legal duty exists is a question of law for this Court to decide based on the relationship of the parties. *Wagner v. Ohio State Univ. Med. Ctr.*, 188 Ohio App. 3d 65, 70 (2010).

Ohio case law provides some direction to this Court. To assert a negligent procurement claim, a plaintiff "must establish that the insurance agency owed a duty to obtain the coverage its insured requests." *Robson*, 179 Ohio App. 3d at 310. In *Robson*, the court held that the employee of the insured could not proceed on a negligent procurement claim against the agent for failing to obtain uninsured motorist and underinsured motorist (UM/UIM) coverage. The court considered the relationship among the employee, the insured, and the agent. Because the employee was not named in the insurance policy, had no prior discussions regarding insurance coverage, and never asked his employer to procure certain coverage, the court found that the agent owed no duty to the insured's employee and therefore the employee could not maintain a negligent procurement claim.

4

The *Robson* court cited *Lu-An-Do, Inc. v. Kloots*, 131 Ohio App. 3d 71 (1999) in support of its conclusion. *Lu-An-Do* concerned insurance coverage of a restaurant's contents. In 1993, the buyer of the restaurant contacted an insurance agent to inquire about insurance for a restaurant he was purchasing from Lu-An-Do. Under the terms of the purchase agreement, the buyer was to maintain insurance to protect Lu-An-Do's financial interest in both the restaurant building and the building contents. Lu–An–Do retained a mortgage interest in the real property and had perfected a UCC security interest in the personal property.

The buyer neglected to retain insurance over the building contents, despite the requirement to do so in the purchase agreement. A fire destroyed the restaurant and its contents. Lu-An-Do sued the buyer's insurance agent for negligent procurement, alleging the agent was negligent when it assisted the buyer in obtaining insurance.

The court held that Lu-An-Do, as a third party to the insurance relationship between the agent and the buyer, could not maintain a negligent procurement claim. Specifically, the court held that an insurance agent "owes no duty to ensure that a [third] party is named as an insured on a policy when there was no oral or written agreement to obtain insurance coverage between the [third] party and the agent and when the [third] party never contacted the agent or any other insurance agent about procuring coverage." *Id.* at 76.

The *Lu-An-Do* court's reasoning also centered on a basic premise of negligence law -- foreseeable victims. "Duty (and therefore liability) . . . is extended to a third party who is a member of a limited class whose reliance on the professional's representation is specifically foreseen." *Id.* at 77. The court acknowledged that while the third party (Lu-An-Do) had a "good argument" that it was a member of a limited class to whom the agent owed a duty because it was "in a limited group of

5

persons who have a direct financial interest in the insured property and the [agent] may have known of this interest," the court nonetheless concluded Lu-An-Do was not a foreseeable victim of the insurance agent's alleged negligence. *Id.* "[The] third parties' reliance on the professional's [] misrepresentation must be *specifically* foreseen by the professional." *Id.* (emphasis added).

Another Ohio case, which Plaintiff cites in support of his position, provides some color on how "foreseeable" the third party beneficiary need be. In *Minor v. Allstate Ins. Co.*, 111 Ohio App. 3d 16 (1996), the court allowed a negligent procurement claim brought by a third-party beneficiary to proceed. The *Minor* case dealt with a homeowner's insurance policy procured for a home owned by a mother, but occupied solely by her daughter who was not a party to the insurance contract or otherwise named in the policy. The home was burglarized, and the daughter filed a claim under the policy for the loss of her personal property. The insurance company denied the claim because the daughter was not a listed insured under the policy. The daughter sued the insurance agent for negligent procurement.

The evidence revealed that the agent understood, or should have understood, that the insured wished for the policy to include or benefit her daughter. The mother testified that she was "sure" she told the agent that her daughter was residing in the home, and the daughter testified that she was physically present with her mother and the agent when the three specifically discussed how much coverage to obtain and that the contents of the home primarily belonged to the daughter. *Id.* at 21. The court concluded that under these facts "[t]he evidence reasonably supports an inference that [the agent] knew that [the mother] wished to benefit [the daughter] with insurance coverage for her personal property when she asked [the agent] to procure insurance to protect the residence premises. [The agent's] undertaking to procure insurance implies a promise that the coverage he obtained would

6

provide that benefit." *Id.* at 22. The implication of *Minor* is that a third party may maintain a negligent procurement claim where the third party is a readily identifiable and a known beneficiary at the time the agent procured insurance.

Courts in other jurisdictions, considering the question of whether a third party injured by a tortfeasor has standing to bring a negligent procurement claim against the tortfeasor's insurance agent, have reached differing results. *Compare Werrman v. Aratusa, Ltd.*, 630 A.2d 302 (N.J. Super. Ct. App. Div. 1993) (insurer of restaurant owed injured restaurant patron a duty of care and patron had standing to bring negligent procurement claim) *and Nowlon v. Koram Ins. Ctr., Inc.*, 1 Cal. App. 4th 1437, 1447 (Cal. Ct. App. 1991) ("[T]he duty of the broker . . . incurred in the procurement . . . of an insurance policy, runs not only to those who contracted for the insurance policy but also runs directly to the class of potential victims of the insured."); *with Saylab v. Don Juan Restaurants, Inc.*, 332 F. Supp. 2d 134, 142 (D.D.C. 2004) (insurance broker owed no duty to victims of traffic accident caused by intoxicated restaurant patron to advise insured restaurant owner about liquor liability insurance), *Jones v. Hyatt Ins. Agency*, 741 A.2d 1099, 1109 (Md. Ct. App. 1999) (agent of tortfeasor owed victim of car accident no duty under negligent procurement theory, noting "[i]t was not until the motor vehicle accident that the Joneses fell into a class whose members were among the intended beneficiaries of the [insurance] contract"), *and Napier v. Bertram*, 954 P.2d 1389, 1394–95 (Ariz. 1998) (en banc) (limiting negligent procurement claim in automobile coverage context, noting that recognizing third parties "would impose on agents a duty to a vast number of non-clients—literally all who reside in or travel in this state . . . ").

The Iowa Supreme Court recently considered whether an insurance agent or broker owes a duty of care to a third-party beneficiary. *See Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91 (Iowa

7

2012). *Pitts* dealt with a life insurance policy. The plaintiff, the decedent policyholder's wife, sued her husband's insurance agent under a negligent procurement theory after it was discovered, following the husband's death, that the agent neglected to change the policy to list the wife as the sole beneficiary, as requested by the husband before his death. While finding the wife could proceed with her negligence claim against the agent, the court clarified the limited nature of its holding -- "[i]n order to limit the potential liability of insurers, avoid conflicts of interests, and not interfere with the insured-insurer relationship, we will require a plaintiff to show that he or she was the direct, intended, and specifically identifiable beneficiary of the policy as well as the other elements of negligence." *Id.* (internal quotation marks and alternations omitted). The court also held that "the plaintiff must produce evidence from the *written instrument itself* that indicates the plaintiff is the intended beneficiary of the policy." *Id.* (emphasis added).

Synthesizing Ohio cases discussing third-party standing to bring negligent procurement claims, this Court finds those cases follow an approach that mirrors the approach in *Pitts*. While it is possible for a third party to bring a negligent procurement claim against an insurance agent or broker, the plaintiff must put forward allegations that he or she was a "direct, intended, and specifically identifiable" beneficiary to the policy. This approach accounts for the general concept that under Ohio law insurance agents generally owe no duty to third parties, *see Lu-An-Do*, 131 Ohio App. 3d at 77; *Robson*, 179 Ohio App. 3d at 310, as well as the principle that a third-party beneficiary may maintain a negligence claim against an insurance agent when the beneficiary of the policy is known to the agent and readily identifiable, *see Minor*, 111 Ohio App. 3d at 22 ("The evidence reasonably supports an inference that [the agent] knew that [the mother] wished to benefit [the

8

daughter] with insurance coverage for her personal property when she asked [the agent] to procure insurance to protect the residence premises.").

In the automobile collision context, satisfying this "identifiable" requirement will be difficult because the plaintiff (or victim) is not known or otherwise specifically identifiable until the crash occurs. For this reason, Plaintiff urges this Court to find that the driving public at large is a sufficiently specific intended beneficiary. After all, he argues, that is why legislative and regulatory bodies pass laws and regulations requiring minimum amounts of insurance -- to protect the public.

But, imposing such a far-reaching duty on insurance agents "would impose on agents a duty to a vast number of non-clients—literally all who reside in or travel in this state." *See Napier*, 954 P.2d at 1395. This Court accepts that the statutes and regulations at issue -- 49 U.S.C. § 31139(b)(2), 49 C.F.R. §§ 387.7 & 387.15, and Ohio Admin. Code § 4901:2-5-02 -- have a public protection purpose. However, Plaintiff does not allege that Defendant violated these laws and regulations; an insurance agent is not the person upon whom the statutes and regulations impose specific duties. *See Saylab*, 332 F. Supp. 2d at 144 (holding that breach of a statutory standard creates liability to innocent third parties who come within the protection of the statute only where breached by the "person upon whom the statute imposes specific duties"). Finally, this Court must recognize what has been largely unspoken in this case but acknowledged by another court -- "all of us are able to protect ourselves against the danger in question by purchasing our own UM coverage." *Napier*, 954 P.2d at 1395.

Further supporting this conclusion, the harm perpetrated against the driving public by an insurance agent who fails to procure insurance of a sufficient level does not sound in tort. Rather, Defendant's alleged negligence created for Plaintiff a risk of economic loss only -- i.e., a risk that Plaintiff would be unable to collect on a judgment entered against Rickey Paving. It did not create

a tort action held by the driving public. *See, e.g.*, *Corporex Dev. & Constr. Mgmt. v. Shook, Inc.*, 106 Ohio St. 3d 412 (2005) (barring litigants from recovering in tort for "purely economic losses").

## CONCLUSION

Plaintiff and his family undoubtedly suffered a tragic loss with the death of a wife and mother. However, Plaintiff is not without a remedy at law. Plaintiff can continue to pursue Rickey Paving and the driver of the vehicle. And, should the collectability of those individuals be in question, Plaintiff can also pursue claims against any UM/UIM coverage held by Lisa or the owner of the vehicle she was driving.

However, the negligence claim against the tortfeasor's insurance agent is too far attenuated under the facts alleged in this case. Because Plaintiff does not have standing to pursue a negligent procurement claim against Defendant, Defendant's Motion is granted, and the Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.

                                                                                           s/ *Jack Zouhary*
                                                                                           JACK ZOUHARY
                                                                                           U. S. DISTRICT JUDGE

October 8, 2014